IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED & FILED
1999 NOV -5 AM 9: 11
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

SIXTO NUÑEZ     *
                *
    Plaintiff   *
                *
vs.             *     CIVIL NO. 98-2213 (JP)
                *
CARIBBEAN INTERNATIONAL NEWS  *
CORP., et al.   *
                *
    Defendant   *
                *

**O R D E R**

The Court has before it Defendant Caribbean International News Corporation's Request for Attorney's Fees (**docket No. 52**) after the dismissal of Plaintiff's Complaint through summary judgment (docket No. 49).

Plaintiff filed the Complaint in the above-styled case claiming that Defendant's publication of several photographs taken by him constituted a violation of trademark, copyright, and intellectual property law. In dismissing the Complaint, the Court concluded that the photographs in question were not trademarks and that their publication was fair use.

The Lanham Act provides for the awarding of attorneys fees to the prevailing party in "exceptional cases." 15 U.S.C. § 1117(a). In relevant part, the legislative history of this statute refers to "exceptional cases" as "malicious, fraudulent, deliberate, and willful" acts and "unfounded suits brought . . . for harassment and



AO 72A
(Rev.8/82)

CIVIL NO. 98-2213(JP)                2

the like." <u>La Amiga del Pueblo, Inc. v. Robles</u>, 748 F.Supp. 61, 63 (D. Puerto Rico 1990) (citation omitted). This standard does not necessarily require bad faith on behalf of the losing party, but rather exceptional means "'uncommon, not run of the mine' and that suits designed to harass, 'whether descending to the rock bottom run of "bad faith" or not' may warrant an award of attorney fees." <u>Id.</u> (citing <u>Noxell Ciro, v, Firehouse No. 1 Bar-B-Que-Restaurant</u>, 771 F.2d 521, 526, n.2 (D.C. Cir. 1985)). Therefore, to obtain an award for attorneys fees the claim must have been intended to harass the defendant or be "frivolous or patently baseless." <u>Id.</u> (citations omitted). Although the Court found that the photographs in question were not subject to trademark protection because nothing indicated what their origin was or who their author is, Plaintiff's trademark claim is not frivolous or baseless. See <u>Blau Plumbing Inc. v. S.O.S. Fix-It, Inc.</u>, 781 F.2d 604 (7th Cir. 1986). The Court's decision largely hinged on the lack of distinctiveness in the photographs, a factual issue, which despite being uncontested is not outrageous.

The standard for attorneys' fees in copyright cases is less onerous than the standard for trademark cases. A prevailing defendant in a copyright case may be awarded attorneys' fees in appropriate circumstances, particularly when plaintiff's claim is "objectively unreasonable." See <u>Sparaco v. Lawler, Matusky, Skelly</u>

CIVIL NO. 98-2213(JP)            3

<u>Engineers, LLP</u>, No. 97 Civ. 6270 (CM)LMS, 1999 WL 636455 at * 12 (S.D.N.Y. Aug. 11, 1999). The Court finds that Plaintiff's claim for copyright infringement carried more weight than his trademark claim, and it is evident from the Opinion and Order ruling on Defendant's summary judgment claim that Plaintiff's copyright claim was not unreasonable.

In view that Plaintiff's claims were neither frivolous nor objectively unreasonable the Court hereby **DENIES** Defendant's Request for Attorney's Fees.

**IT IS SO ORDERED AND ADJUDGED.**

In San Juan, Puerto Rico, this 3rd day of November, 1999.

                                   _____
                                        JAIME PIERAS, JR.
                                   U. S. SENIOR DISTRICT JUDGE

AO 72A
(Rev.8/82)