IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SIXTO NUÑEZ<br><br>Plaintiff<br><br>v.<br><br>CARIBBEAN INTERNATIONAL NEWS CORP., ET AL<br><br>Defendant | CIVIL NO. 98-2213 (JP)<br><br>Taxation of Costs |

**TAXATION OF COSTS**

Before the Clerk of Court in the above-captioned case is defendant Caribbean International News Corp.'s unopposed Bill of Costs (Docket Nos. 50, 56, 57 & 60).

On October 5, 1999, a judgment was entered dismissing with prejudice the complaint filed in this case (Docket No. 49). Said judgment was affirmed by the United States Court of Appeals for the First District (Docket No. 61). As prevailing party, defendant now seeks recovery of the following items of costs: (1) deposition costs - $907.40; and (2) translation fees - $2,142.00.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party." Furthermore, 28 U.S.C. § 1920 allows the prevailing party to recover the following as costs:

(1)   Fees of the clerk and marshal;

(2)   Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3)   Fees and disbursements for printing and witnesses;

(4)   Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. See, 28 U.S.C. § 1920.

However, "not all expenses of litigation are costs taxable against the losing party, and within the statutory framework of costs eligible to be taxed, the district court has discretion in determining and awarding costs in a given case." Pershern v. Fiatallis North America, Inc., 834 F. 2d 136, 140 (8th Cir. 1987), citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987).

The Clerk of Court, having reviewed the abovementioned bill of costs and the record, makes the following determinations.

**Deposition Costs.** Defendant seeks to recover $907.40 for the costs of taking plaintiff's deposition. "Although there is no express statutory authorization for the taxation of deposition expenses as costs, courts have generally held that the cost of taking and transcribing depositions fits within [28 U.S.C. § 1920 (2)]." Pan American Grain Mfg. Co. v. Puerto Rico Ports Authority, 193 F.R.D. 26, 38 (D.P.R. 2000), citing Templeman v. Chris Craft Corp., 770 F. 2d 245, 249 (1st Cir. 1985), cert. denied, 474 U.S. 1021 (1985). Pursuant to 28 U.S.C. § 1920 (2), the court reporter's attendance fee and the cost of transcribing depositions are allowed if the same are: introduced as evidence at trial in lieu of live testimony; used for impeachment purposes; or, used in connection with a successful motion for summary judgment. See, Chris Craft Corp., 770 F.2d at 249; United States v. Davis, 87 F. Supp. 2d 82, 87 (D.R.I. 2000); Donnelly v. Rhode Island Board of Governors

Civil No. 98-2213 (JP)                                                                                    Page -3-

for Higher Education, 946 F. Supp. 147, 151 (D.R.I. 1996).

> ... if a deposition is not introduced into evidence or used at trial, it is within the discretion of the district court to tax deposition costs if special circumstances warrant it...  This Court refined this standard further when it held that for depositions not used at trial, the determining factor is whether the deposition reasonably seemed necessary at the time it was taken. Puerto Rico Ports Authority, 193 F.R.D. at 38 (quotations and citations omitted).

Plaintiff's deposition was not used by defendant in connection with its successful motion for summary judgment.  Defendant failed to submit the corresponding documentation in support of its claim and explain why the deposition seemed necessary at the time it was taken.  Therefore, this expense is disallowed without prejudice.

**Translation of Documents.**  Defendant seeks recovery of $2,142.00 for the costs of translating into the English language plaintiff's deposition ($1,512.00) and newspaper articles ($630.00).  Former Local Rule 108.1 required litigants to submit a certified translation of any document not in the English language to be used as evidence.  Reasonable costs for the translation of documents to comply with Local Rule 108.1 will be allowed if the documents are shown to be relevant to the litigation.  See, Puerto Rico Ports Authority, 193 F.R.D. at 38.  It is the policy of the Clerk of Court to allow the costs of English translations of documents which are filed and introduced as evidence at trial.

In the present case, the newspaper articles were used in connection with defendant's successful motion for summary judgment.  Therefore, the amount of $630.00 is taxed as cost.  Defendant failed to explain how plaintiff's deposition was relevant to the litigation, therefore, the amount of $1,512.00 is disallowed without prejudice.

Civil No. 98-2213 (JP)                                                                                                       Page -4-

     WHEREFORE, a total amount of $630.00 is taxed as costs to defendant in the above-captioned case. Defendant shall, within ten (10) days from the date of receipt of the taxation of costs, substantiate those claims disallowed without prejudice. Pursuant to Fed. R. Civ. P. 54(d), the Clerk's determination on the taxation of costs may be reviewed by the Court upon motion served within five (5) days thereafter.

     In San Juan, Puerto Rico, this 23rd day of May, 2004.

                                              FRANCES RIOS DE MORAN
                                              CLERK OF COURT

                                              s/ Angel A. Valencia-Aponte
                                              Angel A. Valencia-Aponte, Esq.
                                              Chief Deputy Clerk